## SECOND DEPARTMENT, DECEMBER, 1915.*

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD T. O'LOUGHLIN, as Register of the County of Kings, Respondent, *v.* WILLIAM A. PRENDERGAST, as Comptroller of the City of New York, and Others, Appellants.

*New York city — appropriations — waste of funds.*

Appeal by the defendants from an order of the Special Term, entered in the office of the clerk of the county of Kings on the 10th day of June, 1915, granting relator's application for a peremptory writ of mandamus, and also from an order of said court entered in said office on the 29th day of June, 1915, denying their motion for a reargument.

JENKS, P. J.: We affirm these orders upon the opinion of Blackmar, J., at Special Term. The learned and able assistant corporation counsel who presented the appeal writes in his points: "The appellants contend that, if they were to approve the appropriations which the relator seeks, they would be sanctioning a wilful waste of public funds." Assuming, but not deciding, that such consequences would follow the official action of the appellants, suffice it to say, when the courts decide that the appellants have no discretion in the present situation, the appellants are free from blame. The absence of alternative is absolution. Conceding, but of course not deciding (for the matter is not before us), that the conclusion of the appellants is correct, that a consequence is willful waste, then there are legal remedies ample to right that wrong. The order should be affirmed, without costs. Thomas, Carr, Mills and Rich, JJ., concurred. Order affirmed, without costs.

The following is the opinion of Blackmar, J.:

BLACKMAR, J.: The taxpayers of the county of Kings are appreciative of the efforts of the comptroller and the board of estimate and apportionment to reduce the burden of taxation. But the county of Kings and the city of New York are municipal corporations, and in the exercise of their political powers are subject to the will of the Legislature of the State. The act of 1913 (Chap. 776, amdg. Laws of 1901, chap. 706, § 2) authorizes the register of the county of Kings, who is a constitutional county officer, to employ certain assistants at specified salaries. The power to determine whether these assistants are necessary was conferred by statute upon the register, and not upon the comptroller or the board of estimate and apportionment. Such board, therefore, has no power to overrule the judgment of the register as to the necessity for the services of such assistants. He has the power to create these charges against the county of Kings, and it becomes the duty of the board of estimate and apportionment, under section 230 of the charter,† to make provi-

---

* For other cases of this term reported with brief syllabi, see 172 App. Div. 881-899; 968-971.

† Laws of 1901, chap. 466.— [REP.

sion for these expenses in the annual budget. It is the duty of the court to compel obedience to the laws upon the statute books, no matter what its own opinion may be as to the necessity for the services of these employees of the register. If we are unduly burdened by mandatory laws we must console ourselves with the reflection that such laws are enacted by legislators chosen by the people. Economy is a good thing, but obedience to law is better. The defendants suggest that the act is unconstitutional in that, as the appointment of these employees is unnecessary, it in effect violates that clause of the Constitution prohibiting a municipality from giving away its property. I do not think the answering affidavits raise a question of fact which is relevant to a determination of the constitutionality of this statute. It is competent for the Legislature to confer upon a constitutional officer the power to determine what assistants are necessary for him in the prosecution of his duties; and the constitutionality of an act authorizing such appointments cannot be challenged by showing that the officers of the municipality, who control its finances, differ with the officer having the appointing power on the question of the necessity for its exercise. I see no question of fact requiring the issuance of an alternative instead of a peremptory writ, and I direct that a peremptory writ issue in accordance with the prayer of the petition. If the defendants desire to appeal, the execution of the writ will be stayed. Settle order on notice.